# EXHIBIT A

2 cts cml w/JD

2011-CI-12680
073RD JUDICIAL DISTRICT COURT
WALTER ARNETT VS SEARS AND ROEBUCK AND
DATE FILED: 08/04/2011

| | | |
|---|---|---|
| WALTER ARNETT | § | IN THE DISTRICT COURT |
| | § | |
| VS | § | ____ JUDICIAL DISTRICT |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| and SEARS AND ROEBUCK | § | BEXAR COUNTY |

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW Plaintiff, WALTER ARNETT ("Plaintiff" and "Arnett"), and seeks judicial review of the Appeals Tribunal Decision rendered by the Texas Workforce Commission complaining against SEARS AND ROEBUCK AND COMPANY ("Sears"), and the TEXAS WORKFORCE COMMISSION ("TWC"), Defendants. In support of his Petition, Plaintiff would respectfully show the court the following:

## I. INTRODUCTION

1. Plaintiff, Walter Arnett, is an individual who was, at all times relevant to this lawsuit, an employee of Defendant Sears.

2. After initially, and correctly approving Arnett's claim for benefits, Defendant Sears filed an appeal. The TWC Hearing Officer overturned Defendant TWC's determination granting benefits, and denied Plaintiff benefits and ordered that prior benefits be repaid.

3. Arnett has exhausted his administrative remedies and now seeks judicial review of the denial of unemployment benefits.

4. Pursuant to Tex. R. Civ. P. 190.4, Arnett files this petition under Discovery Control Plan Level 3.

## II. PARTIES

5. Plaintiff was aggrieved by a final decision of the Texas Workforce Commission Appeals

Tribunal.

6. Defendant SEARS was Arnett's former employer. Defendant SEARS may be served by the clerk of the Court by serving by certified mail, return receipt requested: C.T. Corporation Systems, 350 N. ST. Paul Street, #2900, Dallas, Texas 75201.

Defendant SEARS is a participant in the payment of unemployment benefits to qualified ex-employees.

7. Defendant Texas Workforce Commission may be served by the clerk of the court by serving its general counsel by certified mail, return receipt requested: John Moore, General Counsel for TWC, 101 E. 15th Street, Austin, Texas 78778.

### III. JURISDICTION

8. The court has jurisdiction over this suit regardless of the amount of controversy because it is an appeal of a final decision of the TWC Appeals Tribunal. Texas Unemployment Compensation Act, Tex. Lab. Code §212.201.

9. Plaintiff has exhausted his administrative remedies under the Texas Workforce Commission with reference to his claim for unemployment benefits. Plaintiff filed this suit in District Court for judicial review between fourteen (14) and twenty eight (28) days after the date on which the decision of the Appeals Tribunal was filed with the commission.

### IV. VENUE

10. Venue of the suit is in Bexar County, Texas which is proper because all of the acts or omissions which give rise to this action occurred therein.

### V. FACTS

11. Mr. Arnett was an employee of Defendant Sears and worked as a technician.

12. Defendant SEARS submitted false reasons for the termination of Plaintiff and terminated him for these reasons. Moreover, SEARS failed to provide assistance or counsel to Plaintiff during the termination and review, knowing that he suffered from a disability and in disregard of that

disability.

13.     On July 8, 2011, in Case Number 1402504-3, the TWC Appeals Tribunal ("Tribunal") filed its decision. In its Decision, the Appeals Tribunal denied the rehearing and affirmed the previous Tribunal decision disqualifying Plaintiff, which in turn upheld the decision of May 18, 2011.

14.     The Tribunal upheld the Hearing Officer's decision finding that Plaintiff was discharged for filling out customer surveys on his personal computer from home. The employer has customer satisfaction surveys which are given to a customer after an employee performs a service. The customer can either log on to a computer to complete the survey, or they can call a specific number to complete the survey over the telephone. Service technicians are required to give the customer a receipt and highlight the language informing them of the survey. The employer uses these surveys as part of evaluating the company's performance and the performance of each individual service technician. The surveys account for fifty percent of a service technician's performance reviews. Each performance review helps the employer determine whether a service technician should be given a raise, promoted, or counsel about poor performance. The employer determined the claimant had been conducting the surveys himself since February 2010, even though the surveys had been conducted with the client's knowledge and request.

15.     A copy of this petition has been simultaneously filed with the Court and the Texas Workforce Commission and served on the Defendants.

## VI. CAUSES OF ACTION

**A.      Appeal of Denial of Unemployment Benefits.**

16.     Mr. Arnett hereby appeals Defendant TWC's denial of unemployment benefits.

**B.      Discrimination Claim against Defendant SEARS.**

17.     The acts and omissions of Defendant Sears clearly constitute a wrongful termination of Mr. Arnett in violation of Texas law.

## VII. JURY DEMAND

18.   Plaintiff hereby demands trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and upon final trial, Plaintiff have:

A.   Judgment setting aside the final decision of the TWC Appeals Tribunal

B.   Judgment that Plaintiff did not voluntarily separate from his employment;

C.   Judgment that Sears Discriminated and retaliated against Plaintiff and did not justifiably terminate Plaintiff;

D.   Judgment that Sears violated directives based on his known disability;

E.   Judgment against Defendant Sears for lost income and employee benefits;

F.   Judgment against Defendant Sears for mental anguish damages and loss of reputation;

G.   Judgment against Defendant Sears for other available damages;

H.   Judgment against Defendant Sears for costs of court and attorney's fees in this matter;

I.   Judgment against Defendant Sears for prejudgment interest at the highest rate allowed by law;

J.   Judgment against Defendant Sears for post-judgment interest at the highest rate allowed by law; and

K.   Such other relief, legal or equitable, as may be warranted.

Respectfully submitted,

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas  78229-3550
Telephone:   (210) 212-7979
Facsimile:   (210) 212-5880

_____
ADAM PONCIO
State Bar No. 16109800
ATTORNEYS FOR PLAINTIFF